MANATT, PHELPS & PHILLIPS, LLP
KEVIN P. DWIGHT (Bar No. CA 239476)
E-mail: kdwight@manatt.com
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

MANATT, PHELPS & PHILLIPS, LLP
THOMAS C. MORRISON (Admitted *Pro Hac Vice*)
E-mail: tmorrison@manatt.com
NIRAV S. SHAH (Admitted *Pro Hac Vice*)
E-mail: nshah@manatt.com
7 Times Square
New York, NY 10036
Telephone: (212) 790-4500
Facsimile: (212) 790-4545

Attorneys for Defendant
GUVERA USA INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TIM QUIGLEY, an individual, and QAZ MEDIA, LLC, a Washington corporation,<br><br>            Plaintiffs,<br><br>      vs.<br><br>GUVERA USA INC., a Delaware company,<br><br>            Defendant. | No. CV10-3569 CRB<br><br>**ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND COUNTERCLAIMS** |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO
NEW YORK

ANSWER TO PLAINTIFFS' AMENDED
COMPLAINT & COUNTERCLAIMS

Defendant Guvera USA Inc. ("Guvera"), by and through its attorneys, Manatt, Phelps & Phillips LLP, responds as follows to each numbered paragraph of the First Amended Complaint in the above-captioned case, dated October 5, 2010:

**ANSWER**

1. Responding to Paragraph 1, Guvera lacks knowledge or information sufficient to form a belief as to its truth and on that basis denies the allegations.

2. Responding to Paragraph 2, Guvera admits that Plaintiffs' service offers streaming electronica music. As to the remainder of allegations in this Paragraph, Guvera lacks knowledge or information sufficient to form a basis as to their truth and on that basis denies these allegations.

3. Responding to Paragraph 3, Guvera states that Guvera IP Pty Ltd. has been dismissed from this action, pursuant to the Court's December 20, 2010 Order in this litigation.

4. Responding to Paragraph 4, Guvera admits that Guvera USA Inc. is a Delaware corporation with its principal place of business in New York, New York, and that Guvera USA Inc. operates a music distribution platform at www.guvera.com. Guvera admits that it offers its subscribers access to streaming music and music downloads, as described more fully in Guvera's Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. 31). Guvera lacks knowledge or information to form a belief as to whether Groovera plays the music of artists on Guvera's service and on that basis denies these allegations. Guvera denies the remainder of the allegations in this Paragraph.

**JURISDICTION AND VENUE**

5. Responding to Paragraph 5, Guvera admits that Plaintiffs purport to bring this action under the Lanham Act, but denies that the Court has jurisdiction over these claims due to a lack of personal jurisdiction.

6. Responding to Paragraph 6, Guvera denies that this Court has personal jurisdiction over Guvera.

7. Responding to Paragraph 7, Guvera denies that the Northern District of California is the proper venue for this action.

**INTRADISTRICT ASSIGNMENT**

8. Responding to Paragraph 8, Guvera denies that the Northern District of California is the proper venue for this action, but admits that this action is an intellectual property action as that term is used in Civil L.R. 3-2(c).

**FACTUAL ALLEGATIONS**

9. Responding to Paragraph 9, Guvera lacks knowledge or information sufficient to form a belief as to its truth and on that basis denies the allegations.

10. Responding to Paragraph 10, Guvera lacks knowledge or information sufficient to form a belief as to its truth and on that basis denies the allegations.

11. Responding to Paragraph 11, Guvera lacks knowledge or information sufficient to form a belief as to its truth and on that basis denies the allegations.

12. Responding to Paragraph 12, Guvera lacks knowledge or information sufficient to form a belief as to its truth and on that basis denies the allegations.

13. Responding to Paragraph 13, Guvera admits that the cited trademark registration numbers issued, but denies that these trademarks are valid, given Plaintiffs' inequitable conduct, as described more fully in Guvera's First Counterclaim, below. As to the remainder of this Paragraph, Guvera lacks knowledge or information sufficient to form a belief as to its truth and on that basis denies the allegations.

14. Responding to Paragraph 14, Guvera lacks knowledge or information sufficient to form a belief as to its truth and on that basis denies the allegations.

15. Responding to Paragraph 15, Guvera lacks knowledge or information sufficient to form a belief as to its truth and on that basis denies the allegations.

16. Responding to Paragraph 16, Guvera lacks knowledge or information sufficient to form a belief as to its truth and on that basis denies the allegations.

17. Responding to Paragraph 17, Guvera lacks knowledge or information sufficient to form a basis as to its truth and on that basis denies the allegations.

18. Responding to Paragraph 18, Guvera admits that its music distribution platform offers its subscribers to opportunity to download and stream music, as described more fully in

Guvera's Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. 31).  Guvera denies that it is engaged in a "virtually identical line of business" to that of Groovera.  As to the remainder of allegations in this Paragraph, Guvera lacks knowledge or information sufficient to form a basis as to their truth and on that basis denies these allegations.

19. Responding to Paragraph 19, Guvera admits that Guvera offers the song "Be Thankful for What You've Got" by the artist Massive Attack to its subscribers for download, as well as other songs by the same artist.  As to the remainder of allegations in this Paragraph, Guvera lacks knowledge or information sufficient to form a basis as to their truth and on that basis denies these allegations.

20. Responding to Paragraph 20, Guvera admits that it offers music by the artist Groove Armada to its subscribers for download.  As to the remainder of allegations in this Paragraph, Guvera lacks knowledge or information sufficient to form a basis as to their truth and on that basis denies these allegations.

21. Responding to Paragraph 21, Guvera admits that the commonly used phrase "Share the Love" was once displayed on Guvera's website, though it is no longer so displayed.  As to the remainder of allegations in this Paragraph, Guvera lacks knowledge or information sufficient to form a basis as to their truth and on that basis denies these allegations.

22. Responding to Paragraph 22, Guvera admits that in April 2010 Guvera offered its music distribution service to subscribers in the United States.  Guvera denies the remainder of allegations contained in this Paragraph.

23. Responding to Paragraph 23, Guvera admits that consumers in California receive Guvera's services.  Guvera denies the remainder of allegations contained in this Paragraph.

24. Guvera denies the allegations contained in Paragraph 24.

25. Responding to Paragraph 25, Guvera admits that Guvera IP Pty Ltd has submitted the nine referenced applications for federal trademark registration before the United States Patent and Trademark Office, and states that the content of these applications speaks for itself.  Guvera denies the remainder of allegations contained in this Paragraph.

///

26. Responding to Paragraph 26, Guvera admits that three of Guvera's applications seek protection in the same international classes as Groovera's trademark applications. Guvera denies the remainder of the allegations contained in this Paragraph.

27. Responding to Paragraph 27, Guvera admits that it has raised approximately $20 million in support of its business. Guvera denies the remainder of this Paragraph.

28. Guvera admits the allegations contained in Paragraph 28.

29. Guvera denies the allegations contained in Paragraph 29.

30. Responding to Paragraph 30, Guvera admits that its four of its trademark applications were filed on January 11, 2009 and five others were filed on September 14, 2010. Guvera admits that Plaintiffs filed applications for the Groovera trademark on April 5, 2008. Guvera denies the remainder of allegations contained in this Paragraph.

31. Guvera denies the allegations contained in Paragraph 31.

## PLAINTIFF'S FIRST CAUSE OF ACTION

32. Guvera restates and incorporates herein by reference its responses to Paragraphs 1 through 31 of the Complaint.

33. Guvera denies the allegations contained in Paragraph 33.

34. Guvera denies the allegations contained in Paragraph 34.

35. Responding to Paragraph 35, Guvera admits that it uses the Guvera trade name and trademark in connection with its business. Guvera denies the remainder of the allegations contained in this Paragraph.

36. Guvera denies the allegations contained in Paragraph 36.

37. Guvera denies the allegations contained in Paragraph 37.

38. Guvera denies the allegations contained in Paragraph 38.

39. Guvera denies the allegations contained in Paragraph 39.

40. Guvera denies the allegations contained in Paragraph 40.

## PLAINTIFFS' SECOND CAUSE OF ACTION

41. Guvera restates and incorporates herein by reference its responses to Paragraphs 1 through 40 of the Complaint.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
NEW YORK
SAN FRANCISCO

4

ANSWER TO PLAINTIFFS' AMENDED
COMPLAINT & COUNTERCLAIMS

42. Guvera denies the allegations contained in Paragraph 42.

43. Guvera denies the allegations contained in Paragraph 43.

## **PLAINTIFFS' THIRD CAUSE OF ACTION**

44. Guvera restates and incorporates herein by reference its responses to Paragraphs 1 through 43 of the Complaint.

45. Guvera denies the allegations contained in Paragraph 45.

46. Guvera denies the allegations contained in Paragraph 46.

47. Guvera denies the allegations contained in Paragraph 47.

## **PLAINTIFFS' FOURTH CAUSE OF ACTION**

48. Guvera restates and incorporates herein by reference its responses to Paragraphs 1 through 47 of the Complaint.

49. Guvera denies the allegations contained in Paragraph 49.

50. Guvera denies the allegations contained in Paragraph 50.

51. Guvera denies the allegations contained in Paragraph 51.

52. Guvera denies the allegations contained in Paragraph 52.

## **AS AND FOR A**
## **FIRST AFFIRMATIVE DEFENSE**

1. This Court has no in personam jurisdiction over defendant.

## **AS AND FOR A**
## **SECOND AFFIRMATIVE DEFENSE**

2. Venue does not lie in this district.

## **AS AND FOR A**
## **THIRD AFFIRMATIVE DEFENSE**

3. QAZ Media, LLC is not licensed to do business in the State of California and is therefore barred by Cal. Corporation Code § 17456(a) from pursuing any and all state law claims set forth in the Amended Complaint.

### AS AND FOR A
### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs have been on constructive notice of defendant's use of the Guvera trademark since January 2009. Moreover, defendant's use of the Guvera name and mark has been open and notorious since at least November 2009. Plaintiffs, however, did not notify defendant of their objection to said mark until mid-July 2010. Plaintiffs are therefore barred by laches from seeking to enjoin defendant's continued use of the Guvera name and mark

### AS AND FOR A
### FIFTH AFFIRMATIVE DEFENSE

5. As set forth more fully below, plaintiffs engaged in inequitable conduct in the U.S. Patent and Trademark Office ("PTO") in connection with their prosecution of the GROOVERA trademark applications. Plaintiffs are therefore barred by the doctrine of unclean hands from obtaining equitable or other relief with respect to these marks.

### COUNTERCLAIMS

### AS AND FOR A
### FIRST COUNTERCLAIM

**(Against Tim Quigley & Qaz Media, LLC)**

6. This counterclaim arises under § 14(3) of the Lanham Act, 15 U.S.C. § 1064(3), and seeks cancellation of one or both of the registered trademarks at issue in this case.

7. Plaintiffs' GROOVERA trademark, Registration No. 3,847,892 for services in Class 41 (Exhibit A to the Amended Complaint), was filed in the PTO by plaintiff Quigley on April 5, 2008, as part of serial number 77440917. This application also contained a request for registration of the mark for goods and services in Class 9 and Class 35.

8. The Class 41 application was based on "actual use" of the mark in commerce pursuant to Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(1)(a). The Class 9 and Class 35 applications, however, were based on "intent to use" pursuant to § 1(b) of the Lanham Act, 15 U.S.C. § 1051(1)(b). An "intent to use" application requires only that the applicant have a "bona fide" and "good faith" intention to use the mark on the goods or services listed in the application.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
NEW YORK
SAN FRANCISCO

6

ANSWER TO PLAINTIFFS' AMENDED
COMPLAINT & COUNTERCLAIMS

1 In contract, an "actual use" application requires that the mark already have been used on each of
2 the items listed in the application.

3     9.     As can be seen from the Class 41 Registration (Exhibit A to the Complaint),
4 Quigley claims to have used the GROOVERA mark on more than 97 different services. These
5 services were listed in Quigley's original application on April 5, 2008. In that application,
6 Quigley declared under penalty of perjury that the GROOVERA mark had been used in U.S.
7 commerce on all 97 services.

8     10.     Quigley's statement to the PTO that the GROOVERA mark was in use in
9 commerce on all 97 services was false and misleading, and was known by Quigley to be false and
10 misleading. Despite four separate "Office Actions" by the Trademark Examiner, and despite the
11 Examiner's repeated offer to speak with Quigley regarding the application, Quigley continued to
12 pursue his application to register the mark for all goods and services listed in the application. By
13 October, 30, 2009, the PTO had approved the application for publication and it was duly
14 published for opposition on December 8, 2009.

15     11.     On or about April 13, 2010, plaintiffs' counsel in this action notified the PTO that
16 they were being substituted as attorneys for Mr. Quigley in connection with the prosecution of the
17 GROOVERA application. Upon information and belief, Quigley had learned about defendant
18 Guvera by that time and had formulated a plan to sue, or threaten to sue, defendant for trademark
19 infringement. Quigley and his counsel therefore undertook an attempt to rectify the false record
20 in the PTO.

21     12.     Accordingly, on June 23, 2010, Quigley's counsel filed a "Request to Divide" with
22 the PTO. This resulted, on August 5, 2010, in the "division" of the application into two separate
23 applications: the original, or "parent" application, Serial No. 77440917, which covered the items
24 in Class 9 and Class 35; and a new application, the "child" application, Serial No. 77980068,
25 which covered the services in Class 41.

26     13.     Both applications thereafter proceeded to registration. The "parent" application
27 issued on September 14, 2010 as Registration No. 3,848,255 (Exhibit B to the Amended
28 Complaint); the "child" application also issued on September 14, 2010 as Registration No.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
NEW YORK
SAN FRANCISCO

7

ANSWER TO PLAINTIFFS' AMENDED
COMPLAINT & COUNTERCLAIMS

1   3,847,892 (Exhibit A to the Amended Complaint).

2   14. On two occasions – June 23, 2010 and August 10, 2010 – Quigley's counsel attempted to narrow the list of services in the Class 41 application. No such narrowing has yet to occur and the registration for the Class 41 application still lists all 97 services. Upon information and belief, Quigley and his counsel well know that the GROOVERA mark has never been used on the vast majority of the services listed in this Certificate of Registration. Moreover, counsel's recent attempt to correct the PTO record regarding the Class 41 application did not commence until more than two years after the false and misleading application had been filed and six months after the PTO had approved the mark for publication.

15. Quigley's sworn statement to the PTO that the GROOVERA mark had been used on all 97 Class 41 services listed in the original application was materially false and misleading. Quigley's Class 41 registration was obtained by fraud on the PTO and should therefore be cancelled pursuant to § 14(3) of the Lanham Act.

16. The continued pendency of this registration is causing irreparable injury to defendant, for which it has no adequate remedy at law.

## AS AND FOR A
## SECOND COUNTERCLAIM
**(Against Tim Quigley & Qaz Media, LLC)**

17. Defendant repeats and realleges the allegations in paragraphs 6 through 16.

18. By virtue of having to defend this lawsuit against a mark obtained by Quigley by means of false and fraudulent representations to the PTO, defendant has suffered damages in the form of the cost of this litigation, including its attorneys fees, and the significant diversion of management time and resources required to defend this action.

19. Defendant is entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, Guvera prays for relief as follows:

1. Entry of an order dismissing the First Amended Complaint with prejudice;

2. Entry of an order and judgment on the First Counterclaim cancelling Plaintiffs'

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
NEW YORK
SAN FRANCISCO

8   ANSWER TO PLAINTIFFS' AMENDED
COMPLAINT & COUNTERCLAIMS

applications Registration Nos. 3,847,892 and 3,848,255 due to fraud on the U.S. Patent and Trademark Office;

    3. Entry of an order and judgment on the Second Counterclaim for the amount of Guvera's actual damages resulting from Plaintiff's filing of the present lawsuit;

    4. Entry of an order and judgment declaring this an "exceptional case" under 15 U.S.C. §1117(a) and awarding Guvera its attorneys' fees; and

    5. A judgment granting Guvera such other and further relief as the Court deems just and proper.

Dated: January 13, 2011

MANATT, PHELPS & PHILLIPS, LLP
Thomas C. Morrison
Kevin P. Dwight
Nirav S. Shah

By: /s/ Kevin P. Dwight
      Kevin P. Dwight

Attorneys for Defendant GUVERA USA INC.

200086394.2